Margaret A. FRANZ, Individually and as Statutory Trustee, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. CIV 75–10–TUC–WCF.

United States District Court, D. Arizona, Tucson Division.

May 26, 1976.

**58**

Carter Morey of Miller, Pitt & Feldman, P. C., Tucson, Ariz., for plaintiff.

William C. Smitherman, U. S. Atty., P. Michael Drake, Asst. U. S. Atty., Tucson, Ariz., for defendant.

## ORDER

FREY, District Judge.

Plaintiff's husband, Giles Franz, retired from active duty in the United States Air Force on February 1, 1971. On July 27, 1972, Giles Franz died. Subsequently, on July 9, 1974, the plaintiff filed an administrative claim with the Air Force seeking compensation for the negligent failure of Air Force physicians to diagnose her husband's cancerous condition. The Air Force denied this claim and plaintiff filed this action on January 16, 1975, pursuant to the Federal Tort Claims Act, Title 28, United States Code, Sections 2671 et. seq. (1970), alleging the negligent failure of the defendant's agents to diagnose Giles Franz's condition.

Plaintiff's administrative claim is crucial to the resolution of the defendant's motion for summary judgment now before this Court. In substance, the claim filed with the Air Force stated that its physicians were negligent in the years 1969 and 1970. The negligent acts alleged in the adminis-

trative claim thus cover periods when plaintiff's decedent was on active duty in the armed forces. No allegation was made in the claim that the Air Force physicians were negligent following the decedent's retirement from active duty.

■ It is well settled law that a suit cannot be brought against the United States pursuant to the Federal Tort Claims Act for injuries sustained by a serviceman while he is on active duty in the armed forces. *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Henninger v. United States,* 473 F.2d 814 (9th Cir.), *cert. denied,* 414 U.S. 819, 94 S.Ct. 43, 38 L.Ed.2d 51 (1973). This action is thus barred under the *Feres* doctrine to the extent it states a claim for negligence occurring prior to February 1, 1971.

■ To the extent the plaintiff states a cause of action for acts of negligence taking place after February 1, 1971, the United States argues that the plaintiff has failed to exhaust her administrative remedies. Title 28, United States Code, Section 2675(a) (1970) requires that a claim be presented to the appropriate agency before suit can be brought upon the claimed acts of negligence. This requirement is a jurisdictional prerequisite to the institution of a suit in district court which cannot be waived. *Caton v. United States,* 495 F.2d 635 (9th Cir. 1974). The plaintiff here made no claim alleging acts of post-retirement negligence.

■ While this action arises from the same loss to the plaintiff, viz., the decedent's death, two distinct sets of negligent acts occurring at two different time periods are alleged—pre-retirement failure to diagnose cancer in the years 1969 and 1970 and post-retirement failure to diagnose sometime between February 1, 1971, and decedent's death on July 27, 1972. The applicable regulations with respect to administrative claims requires notification to the agency of the "incident" upon which the claim is based. 28 C.F.R., Section 14.2(a) (1970). Plaintiff's administrative claim made no mention of a post-retirement "incident".

It appears to be the rule that a suit brought under the Federal Tort Claims Act cannot include additional claims never presented to the appropriate agency and finally denied by such agency as required by Title 28, United States Code, Section 2675(a). *See Provancial v. United States,* 454 F.2d 72 (8th Cir. 1972). Congress has mandated this scheme requiring prior presentation of a tort claim to the responsible federal agency to expedite the fair settlement of tort claims and to ease court congestion. *See Executive Jet Aviation, Inc. v. United States,* 507 F.2d 508 (6th Cir. 1974). This Court is not able to contravene the intent of Congress by allowing suit on a claim where the plaintiff has not exhausted her administrative remedies. Therefore,

IT IS ORDERED that the defendant's motion for summary judgment is granted and this action is dismissed; the Clerk is directed to enter judgment accordingly.

IT IS FURTHER ORDERED that the Clerk of this Court forthwith mail a copy of this Order to all counsel of record.