**Leland N. MELLOR, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C 77–0351.**

United States District Court, D. Utah, C. D.

March 7, 1978.

W. Eugene Hansen, Salt Lake City, Utah, for plaintiff.

Ronald L. Rencher, U.S. Atty., Salt Lake City, Utah, for defendant.

ORDER DENYING DEFENDANT'S MOTION TO STRIKE

ALDON J. ANDERSON, District Judge.

On October 28, 1977, plaintiff filed a complaint containing two causes of action. The

first cause of action is based upon the alleged negligence of the staff physicians and employees of the Long Beach Veterans Administration Hospital in the administering of medical treatment to the plaintiff. The second cause is founded upon the theory of informed consent and it is alleged that "defendant's staff physicians, agents and employees negligently failed to inform plaintiff of the material hazards and risks associated with the said medical care and treatment."

Prior to the institution of this action, plaintiff properly presented an administrative claim to the United States Veterans Administration pursuant to 28 U.S.C. § 2675(a) which requires a claimant to present his "claim" to the appropriate federal agency so that that agency is able to choose whether to act upon the claim and provide the relief requested. Plaintiff submitted his administrative claim on the Standard Form 95 and notified the agency of the "incident" allegedly giving rise to plaintiff's injury as required by the appropriate regulation. See 28 C.F.R. § 14.2(a) (1976). The pertinent instructions of Standard Form 95 require the claimant to state "in detail, all known facts and circumstances attending the damage, injury, or death identifying persons and property involved and the cause thereof." In response to these instructions plaintiff stated that he "was negligently placed on Kamamycin." Elsewhere in the form and in response to the instruction to state the "nature and extent of injury which forms the basis of this claim," plaintiff stated that he had received "[n]egligent care and treatment by medical and hospital personnel resulting in damage to [plaintiff]."

On January 5, 1978, defendant filed a motion to strike from the complaint the second count based upon lack of informed consent. The ground urged in support of the motion is that although plaintiff has exhausted his administrative remedies with respect to the first count based on negligence, he has not done so with regard to the second count based upon lack of informed consent. Thus, it is defendant's position that the second cause of action is an additional "claim" never presented to the appropriate federal agency and therefore is not properly before this court. The court disagrees.

The position taken by defendant does not appear to be consistent with the requirements and purpose of the above statute and regulation, and is overly technical. Plaintiff has put defendant on notice of the "incident" out of which this action arises, has informed defendant of the "facts and circumstances" underlying the claim and has presented a "claim" for a sum certain to the appropriate federal agency. This is all that is required by the applicable law. The purpose of the administrative claim procedure is to allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim. See, e. g., Executive Jet Aviation, Inc. v. United States, 507 F.2d 508 (6th Cir. 1974). There is no reason to believe that requiring claimants to present all legal theories and causes of action which might possibly arise out of the incident forming the basis of the claim would serve to further this purpose. To the contrary, such a requirement may well have the effect of frustrating this purpose. Moreover, such a requirement would make little sense in view of the fact that a substantial portion of administrative claims are filed by the claimants themselves without the assistance of legal counsel. Even if counsel becomes involved later on in the process, no useful purpose or interest would usually be served by dismissing or remanding a particular theory or cause of action. In sum, the "claim" which must be presented pursuant to 28 U.S.C. § 2675(a) is not equivalent to a "legal cause of action" that may eventually be articulated by counsel in the course of a subsequent lawsuit after the "claim" has been effectively denied by the relevant federal agency.

Defendant cites the case of Franz v. United States, 414 F.Supp. 57 (D.Ariz.1976), for the proposition that "a suit brought under the Federal Tort Claims Act cannot include additional claims never presented to

the appropriate agency and finally denied by such agency, as required by Title 28, United States Code, Section 2675(a)." *Id.* at 59. As stated in the immediately preceding paragraph, however, the court is of the opinion that the term "claim" is not synonymous with the term "cause of action." Furthermore, the facts in *Franz* are clearly distinguishable from those presented in the instant action. There, the plaintiff's complaint was based on two distinct sets of negligent acts occurring at two different time periods, while the plaintiff's administrative claim was based on the acts of only one of the periods. The court held that the action as to the other set of acts in the different time period was barred for failure to exhaust administrative remedies. Here, this action is, and the administrative claim was, based upon a single incident; that is, the alleged injury and resulting damages stem from the same set of negligent acts and the same time period. Plaintiff has sufficiently exhausted his administrative remedies. Wherefore,

IT IS HEREBY ORDERED that defendant's motion to strike the second count of plaintiff's complaint is denied.