Sandra DILLON, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 79–3044.

United States District Court,
D. South Dakota, C. D.

Dec. 4, 1979.

J. M. Grossenburg, Day & Grossenburg,
Winner, S. D., for plaintiff.

John J. Ulrich, Asst. U. S. Atty., Sioux
Falls, S. D., for defendant.

## MEMORANDUM OPINION

### CASE SUMMARY

DONALD J. PORTER, District Judge.

Complaint was filed in this case under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., on July 6, 1979. Defendant moved to dismiss paragraphs 5 and 6 of the complaint on November 14, 1979, on the grounds that these allegations were not presented to the Indian Health Services of the United States Department of Health, Education and Welfare, and so failed to meet the requirements of 28 U.S.C. § 2675(a). Giving defendant's motion due consideration, the Court finds no merit therein and orders that it be denied.

### FACTUAL BACKGROUND

Plaintiff filed an administrative claim with the Indian Health Service on June 13, 1977, for an accident she alleged occurred on July 13, 1976, at the Rosebud Indian Health Service Hospital at Rosebud, South Dakota. In her description of the accident, plaintiff stated that she was undergoing surgery for gall bladder attacks. After being anesthetized and after her abdomen had been entered, plaintiff alleged that she had suffered a drop in blood pressure and cardiac arrest, resulting in coma. To quote verbatim from plaintiff's claim:

The exact cause of the cardiac arrest is not known. However, it is thought that patient may have been given an anesthetic to which she was allergic, inadequate oxygen during the course of the gall bladder operation, or in some other manner improper treatment and medical services during the course of the gall bladder operation. The acts of Rosebud Public Health Service in performing the operation, during which time she suffered cardiac arrest is and was an act of medical negligence insofar as it resulted in anoxic encephalopathy.

Plaintiff claimed $500,000 in damages. On February 9, 1979, defendant made a settlement offer which plaintiff rejected. Plaintiff thereafter brought suit in this Court. Plaintiff alleged in paragraph 3 of the complaint that the personnel of the hospital had "negligently and wrongfully failed to diagnose and properly treat the plaintiff"; in paragraph 4, that the personnel "failed to possess and to exercise that degree of knowledge and skill ordinarily possessed" by like personnel in the examination, diagnosis, prescription of drugs, treatment, and performance of surgery on plaintiff; in paragraph 5, that the personnel "negligently failed to advise or warn plaintiff of the dangerous and untoward consequences" of this course of treatment; and in paragraph 6, that, due to the facts alleged in paragraph 5, plaintiff was "unable to, could not, and did not give a free and informed consent" to the treatment she received.

## ISSUE

Whether plaintiff's administrative claim for medical negligence was sufficient to allow her to sue on a theory of a lack of informed consent?

## LEGAL DISCUSSION

■ As defendant correctly points out, 28 U.S.C. § 2675(a) bars tort claims against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied . . .." The purpose of this requirement is to give the agency an opportunity to settle claims against it and avoid the necessity for litigation. The claim must therefore give the agency "notification of [the] accident, the amount of damages sought to be recovered, and sufficient factual information to enable the appropriate federal agency to conduct an investigation to determine if the claim justifies settlement". *Downs v. United States*, 382 F.Supp. 713 (M.D.Tenn.1974). The purpose was *not*, it must be emphasized, "to make recovery from the Government technically more difficult". *Executive Jet Aviation Inc. v. United States*, 507 F.2d 508, 515 (6th Cir. 1974); *Lunsford v. United States*, 418 F.Supp. 1045, 1056 (D.S. D.1976).

■ Defendant contends, in very conclusory language, that although it was put on notice as to the rest of plaintiff's allegations by her administrative claim, the portions of her complaint involving lack of informed consent present "a new and different claim". This position cannot be sustained. Taken literally, plaintiff's administrative claim, was only for "improper treatment and medical services *during the course of the gall bladder operation*". (Emphasis supplied) Yet, defendant does not seek to dismiss the portions of the complaint involving allegations of improper diagnosis and examination, actions which must have mainly taken place prior to the operation. Presumably, defendant was not deprived of the opportunity to investigate these phases of plaintiff's treatment, even though she did not make explicit mention of them in her claim.

The implementing regulation here, 28 C.F.R. § 14.2(a), states that "a claim shall be deemed to have been presented when a Federal agency receives . . . written notification of an *incident*. . . ." (Emphasis supplied) The regulation does not say that every detail of the incident must be supplied, only that the agency be notified that an accident has occurred.

The agency must then, employing its expertise, investigate the "incident" to determine its responsibility for the injury. Considering the number of similar cases against Indian Health Service that are on file with this Court alone, it cannot be successfully contended that defendant is unaccustomed to the investigation of medical negligence allegations, or that it would not expect that the lack of informed consent could be a possible issue in such a case. It seems clear that, even though plaintiff may not have spelled out every possible fact bearing on her right to recovery in her claim, she did provide defendant with sufficient information under § 2675(a) to enable the agency to conduct a full investigation.

Defendant's interpretation of § 2675(a) and the regulations would result in an unjustified elevation of form over substance. To carry defendant's contention to its logical conclusion, each administrative claim would have to be a fully drafted complaint, prepared months or years before it could be filed. This would convert a remedial Act into a "trap for the unwary claimant", *Sky Harbor Air Service v. United States*, 348 F.Supp. 594, 596 (D.Neb.1972), *see also Locke v. United States*, 351 F.Supp. 185 (D.Hawaii), and cannot be permitted.

Defendant relies on *Provancial v. United States*, 454 F.2d 72 (8th Cir. 1972) and *Franz v. United States*, 414 F.Supp. 57 (D.Ariz.1976). Neither of these cases are helpful to its position. *Provancial* involved a claim which, in essence, had never been presented to the correct federal agency, a circumstance which is not at issue here.[1]

In *Franz*, there had been "two distinct sets of negligent acts occurring at two different time periods", 414 F.Supp. at 58, the second of which was not mentioned in the administrative claim. Here it is obvious to this Court that any failure of defendant to obtain plaintiff's informed consent to the surgery was not a separate event, but was part of the same "incident" reported by her claim.

Defendant's motion is therefore denied.

---

1. The administrative claim in *Provancial* was against officers of the Mission, South Dakota, Police Department, who were also deputized officers of the Bureau of Indian Affairs of the Department of the Interior. Alleging that the officers had negligently failed to provide medical assistance to plaintiff following an arrest, it was presented to the Department of the Interior. At the trial of the case, plaintiff attempted to amend his complaint to include a malpractice allegation against an employee of the Public Health Service, a part of the Department of Health, Education and Welfare, for improper treatment of the injury complained of in the claim against the police officers. The amendment was refused by the trial court and affirmed by the court of appeals. The claim against the PHS obviously involved a breach of duty which was entirely separate and distinct from the actions of the police described in the original claim, and was never brought to the attention of the PHS, so that the agency could determine whether it was compensable.