Margaret BORGREN, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 87–2191–S.

United States District Court, D. Kansas.

Oct. 6, 1989.

**582**

Jerry R. Palmer, Palmer, Marquardt & Snyder, P.A., Topeka, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., Richard L. Hathaway, Connie R. DeArmond, David M. Cooper, Asst. U.S. Attys., DeArmond, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to alter or amend the judgment which this court entered on June 30, 1989, reported at 716 F.Supp. 1378 (D.Kan. 1989). First, defendant seeks to amend the judgment by eliminating the $200,000 award for loss of consortium. Defendant argues that plaintiff did not request damages for loss of consortium in her administrative claim, and that her husband did not sign the administrative claim or submit his own claim for loss of consortium.

Defendant cites three cases which deny loss of consortium damages where the claimant's spouse had failed to sign the claim or make a claim of their own with the administrative agency. These cases, however, are from jurisdictions where loss of consortium is recognized as a separate and individual claim of the spouse. Kansas law, however, is different from these three jurisdictions. Under Kansas law, a loss of consortium vests only with the person seeking recovery for the personal injury, and the injured person must bring the loss of consortium claim on behalf of his or her spouse. *See* K.S.A. § 23–205; *see also*

*Hoffman v. Dautel,* 189 Kan. 165, 169, 368 P.2d 57, 60 (1962).

The court finds that the administrative claim filed by plaintiff in this case adequately provided sufficient information to enable the administrative agency to conduct a full investigation of the incident which resulted in plaintiff's injuries. That being the case, defendant had adequate notice as required under 28 U.S.C. § 2675. *See Focke v. United States,* 597 F.Supp. 1325, 1349–50 (D.Kan.1982) (quoting *Dillon v. United States,* 480 F.Supp. 862, 863 (D. S.D.1979)). Therefore, the court will deny defendant's motion to amend the judgment by eliminating the award of damages for loss of consortium.

Also in its motion to amend the judgment, the United States asserts that the judgment overcompensates plaintiff and that the damages were improperly calculated. Specifically, defendant argues that in a loss of chance of survival case, the court should calculate damages under the "percentage apportionment method" advocated by Judge Theis in *Boody v. United States,* 706 F.Supp. 1458, 1465 (D.Kan. 1989). As commented upon in Judge Theis' opinion, there are three methods which the court may use in determining damages in a case like this. The first, and the method used by this court in our decision of this particular case, is for the court to arrive at a compensatory figure which the court finds would justly and adequately compensate the plaintiff for her damages. The second method is to provide full compensation for the loss of life, regardless of the chance of survival. We agree with Judge Theis that the second method would be too onerous for defendants. Finally, the third approach, and the approach adopted by Judge Theis, is to calculate damages by taking the value of plaintiff's life and multiplying it by the percentage of the chance of survival lost, with the resulting amount being the compensation for the lost chance of survival. It is argued that the latter method is preferable because it gives the factfinder concrete guidelines for measuring damages and alleviates the "pulling out of the hat" problem alleged to flaw the

first method. *See Boody*, 706 F.Supp. at 1466.

The court respectfully disagrees with Judge Theis's decision which found that the third method (the percentage allocation method) is preferable over the first method. We feel that there is no real difference between either method. Whichever method is used, the decisionmaker must make a highly subjective decision. In the first method, the one we used, the decisionmaker must make the subjective decision of what amount of money would fully compensate the plaintiff for her injuries. The *Boody* approach requires the decisionmaker to make the subjective decision of allotting a monetary amount for the value of plaintiff's life. We agree with plaintiff's counsel in the present case that the *Boody* approach basically involves a subjective judgment being mathematically discounted. We are unconvinced that the mathematical discounting of the subjective value of human life somehow makes that approach any more precise and more accurate than the approach we have chosen. We find that our approach is fair and no less objective than the approach advocated in the *Boody* decision. Therefore, we will deny defendant's motion to alter the judgment regarding the calculation of damages.

We would note that defendant has advocated that we reduce the $800,000 award by 20.6% under the *Boody* method of calculating damages. Defendant is making the assumption that the $800,000 award of damages equals the value of plaintiff's life. That is not the decision we made. We found that $800,000 was an amount which justly compensated plaintiff for disfigurement, disability, pain, suffering and mental anguish, and loss of chance of survival. *See* Conclusion of Law #19, *Borgren v. United States*, 716 F.Supp. at 1384.

Finally, defendant argues that the judgment should be reduced for any damages attributable to the loss of chance of survival. Defendant argues that the loss suffered by defendant is not appreciable within the meaning of *Roberson v. Counselman*, 235 Kan. 1006, 686 P.2d 149 (1984). The court finds that the loss of chance of

survival suffered by plaintiff in the present case, a loss of between 30% to 57% for ten year survival, is appreciable. The court in *Roberson* found that a 40% chance of survival was appreciable. *See Roberson*, 235 Kan. at 1021, 686 P.2d at 160.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to alter or amend our judgment of January 30, 1989, is denied.