Julie DELANEY, Plaintiff,

v.

Victor R. CADE, D.O.; St. Joseph Memorial Hospital; and Central Kansas Medical Center; Defendants.

No. 88–1657–C.

United States District Court, D. Kansas.

March 7, 1991.

Dwight A. Corrin, Corrin & Krysl, Wichita, Kan., for plaintiff.

Casey R. Law, Turner & Boisseau, Great Bend, Kan., for St. Joseph Memorial Hosp. and Cent. Kansas Medical Center.

William Tinker, Jr., McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for Victor R. Cade, D.O.

## MEMORANDUM ORDER

CROW, District Judge.

This matter comes before the court upon Julie Delaney's motion to reconsider and to certify the question presented concerning the "loss of chance of a more favorable recovery" to the Kansas Supreme Court, or in the alternative to grant permission to take an interlocutory appeal to the United States Tenth Circuit Court of Appeals. Delaney primarily contends the court, in its January 25, 1991, 756 F.Supp. 1476, opinion granting summary judgment to the defendants on the "loss of chance of a more favorable recovery" theory, did not apply the law of Kansas as required by *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Delaney also contends that the court erred in concluding that even if Kansas would recognize loss of

chance of a more favorable recovery, her loss of a five percent chance of a more favorable recovery was not compensable as a matter of law. Delaney concludes: "If the court is unwilling to apply the correct standard of determining Kansas law or certify the question, then plaintiff would request the court grant an interlocutory appeal pursuant to 28 U.S.C. 1292(b)."

The court will address each of the contentions raised by Delaney. At the outset, the court notes that Delaney does not contend the court misunderstood the undisputed facts or expert testimony. In this motion to reconsider, Delaney does not present the court with any additional legal authority in support of her position.

### Loss of Chance

■ The court is keenly aware of its duty to apply the law of the state in which the diversity action arose; the court has scrupulously adhered to that duty in this case. In its January 25, 1991, decision, the court dedicated the majority of its opinion on the loss of chance theory to a discussion of *Roberson v. Counselman*, 235 Kan. 1006, 686 P.2d 149 (1984), the only Kansas appellate decision discussing the "loss of chance" theory. The court also discussed the law of Kansas pertaining to medical malpractice actions. The court concluded that the Supreme Court of Kansas did not recognize the loss of chance of a more favorable recovery in *Roberson*, but instead, by the language the court used, limited the "loss of chance" theory to loss of chance of *survival*, and did not change the law of Kansas in all medical malpractice cases. The court applied the law of Kansas as found in *Roberson* and concluded that the loss of chance theory did not apply to the facts in this case. There is no indication that the Supreme Court of Kansas in *Roberson* recognized the loss of chance of

a more favorable recovery as an alternative means of recovery in all medical malpractice cases.[1] The other reasons articulated by the court, which need not be revisited here, buttress the court's conclusion.

In this same vein, Delaney complains that the court never "considered what the Kansas Supreme Court would do but instead elected to march to the tune of Maryland law." This statement is, at best, a misreading of the court's memorandum order of January 25, 1991. In arriving at its conclusion that Kansas did not recognize the "loss of chance of a more favorable recovery," the court applied the law of Kansas. In arriving at its decision, in addition to considering *Roberson* and other Kansas cases, the court also reviewed decisions from other jurisdictions as well as law review articles. The court did not, as Delaney suggests, "follow" *Fennell v. Southern Maryland Hospital Center, Inc.*, 320 Md. 776, 580 A.2d 206 (1990). Rather, the court, using the signals *"See"* and *"See generally"* referred the parties to a case from Maryland that collected a number of cases from several jurisdictions, including Kansas, that had considered the "loss of chance" theory.[2] The Maryland case also contained a discussion of the loss of chance theory and its implications in medical malpractice cases in general. The Maryland court's discussion was not wholly irrelevant to the case at bar and was not included as a positive statement of the law of the State of Kansas. Obviously, the court did not "march to the tune of the Maryland court" as the Maryland court did not recognize the loss of chance theory in a survival action.

In sum, the court remains convinced that Kansas has not and would not recognize the loss of chance of a more favorable recovery theory.

> Since loss of chance damages are only permitted when the patient dies, it is also arguable that, when we strip away the rhetoric, damages are really being awarded for the possibility that the negligence was a cause of the death. Maryland law clearly does not allow damages based on mere possibilities.
> 320 Md. at 790–791, 580 A.2d 206.

**1.** Delaney's argument suggests that the Kansas Supreme Court, in a somewhat arcane fashion, modified the law of Kansas in all medical malpractice cases. Nothing in the court's opinion suggests such a radical departure from well established principles in all medical malpractice cases.

**2.** In *Fennell*, the court commented:

■ Delaney also complains that the court erred in concluding that even if Kansas did recognize the loss of chance of a more favorable recovery theory, Dr. Cade's negligence did not, as a matter of law, deprive Delaney of an appreciable chance. As the court noted in its January 25, 1991, opinion, the Supreme Court in *Roberson* did not provide an abundance of guidance in determining the minimum threshold of an "appreciable chance." However, none of the federal cases decided since Roberson have involved as small a deprivation as the loss of chance Delaney was allegedly deprived of in this case.[3]

At some point the court is obligated to conclude as a matter of law that the defendant's acts or omissions did not deprive the plaintiff of an appreciable chance of recovery. An appreciable chance must mean something beyond "any" chance. While it is unnecessary to place an absolute percentage on the definition of an "appreciable chance," the court is satisfied that even if Kansas did recognize the loss of chance of a more favorable recovery theory, Dr. Cade did not, as a matter of law, deprive Delaney of an "appreciable chance" of a more favorable recovery.

As a final comment on this issue, Delaney states in her brief: "Since the motions for summary judgment were briefed, at least two of Dr. Cade's own experts have testified Julie should have an IV at Larned." While this testimony is evidence that Dr. Cade's failure to administer an IV deviated from the acceptable standard of care, this evidence does not demonstrate that Dr. Cade's negligence was the cause in fact of Delaney's paraplegia. None of the expert testimony in this case indicates, to a reasonable degree of medical certainty, that Dr. Cade's care was a substantial factor in causing Delaney's paraplegia.

*Certification to Kansas Supreme Court*

■ Delaney requests that the court certify the question of whether Kansas recognizes the "loss of chance of a more favorable recovery" theory to the Supreme Court of Kansas. In this case, the most important criterion for certification is not met: The court has concluded that *Roberson* did not recognize the loss of chance of a more favorable recovery theory and that Kansas would not recognize the loss of chance theory in all medical malpractice cases. *See* K.S.A. 60–3201.

Delaney's motion to certify the question of whether Kansas recognizes the "loss of chance of a more favorable recovery" theory to the Supreme Court of Kansas is denied.

*Interlocutory Appeal to the Tenth Circuit*

■ In the alternative, Delaney seeks certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) to the tenth circuit court of appeals. Title 28, United States Code, § 1292(b) provides in pertinent part:

When a district judge, in making a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

Therefore, in order to certify an issue for interlocutory appeal, the court must find: (1) that the order involves a controlling question of law; (2) a substantial ground for difference of opinion exists with respect to that question of law; and (3) an immediate appeal would materially advance the ultimate termination of the case.

The court concludes that there are not substantial grounds for difference of opinion: Kansas does not recognize the loss of

---

**3.** In *Borgren v. United States,* 716 F.Supp. 1378 (D.Kan.1989), the defendants moved to alter or amend judgment, arguing that the plaintiff's 30 to 57% loss of chance for ten year survival was not an "appreciable" loss of chance of survival and thus not compensable. *Borgren v. United States,* 723 F.Supp. 581, 583 (D.Kan.1989). Judge Saffels denied that motion, finding that a loss of 30 to 57% chance of ten year survival was "appreciable" within the meaning of *Roberson.*

**1440**

chance of a more favorable recovery theory. Therefore, the issue is not one properly certified for interlocutory appeal. *See Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D.Pa.1983) ("the mere fact that the appeal would present a question of first impression is not, of itself, sufficient to show that the question is one on which there is substantial ground for difference of opinion.") Nor is the court convinced that an immediate appeal would materially advance the ultimate termination of the case.

IT IS THEREFORE ORDERED that Delaney's motion to reconsider and to certify the issues regarding the "loss of chance of a more favorable recovery" to the Supreme Court of Kansas (Dk. 211) is denied.

IT IS FURTHER ORDERED that Delaney's request to take an interlocutory appeal (Dk. 211) is denied.