495 F.Supp.2d 1121 (2007)
Sharon BETHEL, Individually and as Conservator and Guardian of David Bethel, an incapacitated person, Plaintiffs,
v.
UNITED STATES of America, by and through VETERANS ADMINISTRATION MEDICAL CENTER OF DENVER, COLORADO, Defendant.
Civil Action No. 05-cv-01336-PSF-BNB.
United States District Court, D. Colorado.
July 10, 2007.
*1122 James Mark Leventhal, Sommer D. Stephens, Leslie C. Stratton, Lorraine Elizabeth Parker, Natalie A. Brown, Leventhal, Brown & Puga, PC, Denver, CO, for Plaintiffs.
Elizabeth Ann Weishaupl, Kurt J. Bohn, U.S. Attorney's Office, Denver, CO, for Defendant.
ORDER ON RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ENTERED MARCH 22, 2007
FIGA, District Judge.
This matter is before the Court on Plaintiffs' Motion to Amend Complaint (Dkt.# 135), filed on February 14, 2007. On March 22, 2007, the Magistrate Judge issued a Recommendation that the Motion to Amend be denied (Dkt.# 159). Plaintiffs timely filed Objections to the Recommendation on April 5, 2007 (Dkt.# 167). The Magistrate Judge's Recommendation, which is dispositive of a claim, is reviewed de novo. 28 U.S.C. 636(b)(1); F.R.Civ.P. 72(b). Having reviewed de novo the underlying motion to amend, the Recommendation, and the record, the Court enters the following Order.
I. BACKGROUND
Plaintiffs filed this action on July 15, 2005, for damages under the Federal Tort Claims Act ("FTCA") arising out of injuries sustained by David Bethel while undergoing surgery at the Veterans Administration Medical Center ("VAMC") in Denver, Colorado, on September 10, 2003. See generally Compl. (Dkt.# 1). Plaintiffs initially brought, among others, a claim for medical negligence against Dr. Robin Slaver, one of Bethel's treating anesthesiologists during the surgery. Id., ¶¶ 52-56. This Court issued an Order on September 28, 2006, dismissing Dr. Slover *1123 from the case upon finding that she was not a federal employee at the time of the alleged negligence (Dkt.# 95). Plaintiffs now seek to amend the Complaint to add a claim against the United States for "Negligent Credentialing and Privileging," alleging in pertinent part as follows:
62. On September 10, 2003, the defendant permitted Dr. Robin Slover to provide medical and surgical anesthesia services at the VA Hospital to Mr. Bethel, despite having been on notice before that date that Dr. Robin Slover was not competent to provide anesthesia services, and despite concerns that she might cause injury to a patient.
63. The Defendant failed to properly investigate the concerns regarding Dr. Slover's competence.
64. The United States, through its employees and agents at the VA Hospital, all of whom were acting within the scope and course of their employment or within their authority as agents, were negligent in their care and treatment of Mr. Bethel including, but not limited to, the following:
a. Allowing Robin Slover, M.D. to maintain privileges allowing her to perform the surgical anesthesia on Mr. Bethel;
b. Failing to timely and appropriately investigate Robin Slover, M.D. upon learning of concerns regarding her competency and concerns regarding patient safety;
c. Failing to monitor, proctor, suspend and/or otherwise limit Robin Slover, M.D.'s performance of surgical anesthesia at the VA Hospital prior to September 10, 2003, the date of Plaintiff's surgery.
Pl.s' Tendered Am. Compl. (Dkt.# 136), ¶¶ 62-64. The Magistrate Judge recommended that plaintiffs' motion to amend be denied as futile because the negligent credentialing claim would be subject to dismissal for failure to exhaust administrative remedies. Rec. at 9 (citing Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir.1999)).
II. ANALYSIS
The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. Trentadue v. United States, 397 F.3d 840, 852 (10th Cir.2005). A plaintiff who sues under the FTCA must comply with the statute's notice requirements, which are jurisdictional, cannot be waived, and must be strictly construed. Id. (citation omitted). "The jurisdictional statute, 28 U.S.C. § 2675(a), requires that claims for damages against the government [first] be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Id. (citations omitted). The purpose of the notice requirement is to "`allow the agency to expedite the claims procedure and avoid unnecessary litigation by providing a relatively informal nonjudicial resolution of the claim.'" Id. (quoting Mellor v. United States, 484 F.Supp. 641, 642 (D.Utah 1978)). In accordance with that purpose, although a plaintiffs administrative claim "need not elaborate all possible causes of action or theories of liability," it must provide notice of the "facts and circumstances" underlying the plaintiff's claims. Id. at 853.
In this case, plaintiffs' administrative claim, which was submitted to the Department of Veterans Affairs on October 12, 2004, states:
This is a claim for medical malpractice arising from substandard medical care provided to David Bethel prior to his undergoing a scheduled surgical procedure on 09/10/03. On 09/10/03, David Bethel was scheduled to undergo a surgical procedure known as a fistulectomy *1124 at the V.A. Hospital in Denver, Colorado. Mr. Bethel was taken to the O.R. by Anesthesia with a surgical resident in attendance. Mr. Bethel was administered 2 mg. of Versed at which time he became agitated and was having obvious trouble breathing.
A decision was made by Anesthesia to induce Mr. Bethel and intubate him. Mr. Bethel was then given induction I.V. sedatives and paralyzed. The anesthesia resident was unable to visualize Mr. Bethel's vocal cords to place an endotracheal tube. The staff anesthesiologist was likewise unable to visualize the vocal cords and it was discovered that the endotracheal tube had been placed in the esophagus and was removed. A bollard laryngoscope was then placed, again without visualization of the vocal cords. At this point, Mr. Bethel's SAO2 did not measure on the monitor and the nurse holding Mr. Bethel's wrist was unable to get a pulse. External chest compressions were begun and Mr. Bethel was administered epinephrine bicarb. Chest compressions were continued while a staff anesthesiologist again attempted to place an endotracheal tube. Again, the attempted placement of the endotracheal tube was unsuccessful. After approximately ten minutes of chest compressions and two doses of epinephrine and atropine, Mr. Bethel's pulse and blood pressure returned. Anesthesia was still unable to place an endotracheal tube and asked for surgical assistance in establishing an airway. A surgeon then tried to place a guidewire through the trachea and out the mouth for placement of the endotracheal tube. This attempted surgical intervention was also unsuccessful. The senior ENT resident then entered the O.R. and assisted the surgeon in an emergency tracheotomy. During the failed attempts to place an endotracheal tube, Mr. Bethel suffered cardiac arrest and a significant hypoxic event lasting between 10 and 20 minutes. (See attached Operative Report, dated 9/10/03, and, Discharge Summary, dated 11/5/03)
Pl.s' Mot. to Amend, Ex. 1. The above-described basis of plaintiffs' administrative claim revolves entirely around the details of the alleged negligent treatment of Mr. Bethel during the surgery that occurred on September 10, 2003, while the tendered negligent credentialing claim focuses on the VAMC's actions in allowing Dr. Slover to maintain privileges at the hospital and failing to adequately investigate and monitor Dr. Slover's competency and ability to perform surgical anesthesia prior to Mr. Bethel's surgery.
Based on the comparison of the administrative claim to the claim plaintiff now seeks to add, the Court holds that, under the FTCA, plaintiffs' administrative claim provided insufficient notice to the government with respect to the negligent credentialing cause of action. Specifically, the "facts and circumstances" of which plaintiffs gave notice to the government via the administrative claim, which again focused on actions relating to Mr. Bethel's treatment during a surgical procedure on a specific date, are simply not those that would put the government on notice to investigate the VAMC's failures in credentialing Dr. Slover or monitoring her competency. This case is analogous to Kikumura v. Osagie, 461 F.3d 1269 (10th Cir. 2006), in which the Tenth Circuit held that a prisoner failed to exhaust administrative remedies with respect to his claim under the FTCA for "negligent failure to provide adequate training and supervision to staff" because his administrative claim, which alleged that he received negligent care while ill, "fail[ed] to mention the possibility that his injuries were caused by the inadequate training and supervision of [prison] staff." Id. at 1302.
*1125 Also instructive to the Court is Staggs v. United States, 425 F.3d 881 (10th Cir. 2005), a Tenth Circuit case involving a medical malpractice action brought under the FTCA. In Staggs, the plaintiff's administrative claim had alleged a "substantial departure from the standard of care" and "negligent management of [her] pregnancy [and] labor." Id. at 884. The Tenth Circuit held that the administrative claim "lack[ed] facts and circumstances sufficient to raise the possibility of lack of informed consent" and that the district court thus lacked jurisdiction to consider such a claim. Id. at 885. Significantly, the Tenth Circuit noted that, "given the length and factual specificity of [plaintiff's] description of her claim without a mention of `consent' or a suitable synonym, [the agency] could have reasonably concluded that a claim of lack of informed consent was not intended and that an investigation into lack of informed consent was unnecessary." Id. Similarly, in this case, given the length and factual specificity of plaintiffs' description in the administrative claim with no mention of facts relating to supervision, credentialing, monitoring, or the like, the government could have reasonably concluded that an investigation into the VAMC's granting privileges to Dr. Slover and monitoring of her competency was unnecessary. See id. Although "the FTCA's notice requirements should not be interpreted inflexibly," Trentadue, 397 F.3d at 853, neither should an administrative claim place a federal agency on notice of "every conceivable legal theory" or cause of action that could potentially be brought in relation to an injury described in that claim. See Def.'s Resp. (Dkt.# 177) at 3.
Plaintiffs dispute the Magistrate Judge's characterization of the negligent credentialing of Dr. Slover and the alleged negligence during Bethel's surgery as "two distinct incidents . . . occurring at different times." Rec. at 7 (citing Franz v. United States, 414 F.Supp. 57, 58 (D.Ariz.1976) (administrative claim alleging negligent failure to diagnose plaintiff in 1969-70 failed to notify government of a claim of negligent failure to diagnose plaintiff in 1971-72 because the allegations, although arising from the same loss to the plaintiff, were of "two distinct sets of negligent acts occurring at two different time periods")). Plaintiffs argue this case is distinguishable from Franz because the VAMC's negligence in credentialing and monitoring Dr. Slover constituted "ongoing negligence, which culminated in Mr. Bethel's catastrophic injury." Pl.s' Obj. at 9 (emphasis in original).
However, the fact that the negligent credentialing claim may not involve a single incident on a single date does not undermine the conclusion that it nevertheless involved alleged negligent acts that occurred separate and apart from the alleged medical negligence that occurred during and just before Mr. Bethel's surgery on September 10, 2003. Plaintiffs' cause of action for negligent credentialing, although arising from the same loss, is "obviously distinct and different" from the treatment-based causes of action for which a proper administrative claim was submitted. Barnson v. United States, 531 F.Supp. 614, 624 (D.Utah 1982) (citing Provancial v. United States, 454 F.2d 72 (8th Cir. 1972)). Thus, the Court rejects plaintiffs' argument that their administrative claim was sufficient to place the VAMC on notice of its alleged negligence in allowing Dr. Slover to practice at its facility.
Plaintiffs also assert that "it would have been impossible for Plaintiffs to include the negligent privileging and credentialing claim in the administrative notice as there was no possible way for Plaintiffs to learn of the negligent privileging and credentialing until the depositions of employees of the United States revealed such evidence." Pl.s' Obj. at 8. Plaintiffs further contend that, once on notice of this evidence, plaintiffs *1126 "could not have acted more diligently or quickly" to bring the claim. Id. This may indeed be the case; however, whether plaintiffs were diligent or acted in good faith in attempting to bring the negligent credentialing claim is simply immaterial to whether plaintiffs presented sufficient information to the government of that claim to satisfy the FTCA's jurisdictional notice requirements.
Finally, plaintiffs understandably express concern that denial of plaintiffs' motion to amend "will deny Plaintiff the ability to pursue a legitimate claim against the VAMC as the Defendant will likely contend that filing a second administrative notice under the FTCA concerning the negligent privileging and credentialing claim is time-barred pursuant to 28 U.S.C. § 2401(b) because it was not brought within two years of the injury." Pl.s' Obj. at 10. Whether such a second administrative notice would be time-barred will depend on when the cause of action for negligent credentialing accrued. See United States v. Kubrick, 444 U.S. 111, 120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (cause of action accrues under the FTCA when "the plaintiff has discovered both his injury and its cause"); Arvayo v. United States, 766 F.2d 1416, 1420-21 (10th Cir.1985) (discussing when the "cause" of an injury has been discovered and plaintiffs' duty to inquire about the cause of injuries for purposes of applying Kubrick and evaluating whether an FTCA claim is barred by the statute of limitations). In any event, the resolution of this issue is outside the scope of this Order, as it has no bearing on whether the administrative claim already on file satisfies the FTCA's notice requirements. Like the Tenth Circuit in Staggs, this Court "recognize[s] the tragic circumstances of this case and that [this] decision provides little solace to the [Bethel] family. However, the FTCA's presentation requirements are jurisdictional and cannot be waived." Staggs, 425 F.3d at 885 (citing Trentadue, 397 F.3d at 852).
III. CONCLUSION
For the foregoing reasons, it is hereby ORDERED that (1) the Recommendation of United States Magistrate Judge (Dkt.# 159) is ACCEPTED, and (2) Plaintiff's Motion to Amend Complaint (Dkt.# 135) is DENIED.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
BOLAND, United States Magistrate Judge.
This matter is before me on the Plaintiff's Motion to Amend Complaint [Doc. # 135, filed 2/14/2007] (the "Motion to Amend"). I previously held a hearing on the Motion to Amend and took the matter under advisement. I now respectfully RECOMMEND that the Motion to Amend be DENIED.
This is an action for damages under the Federal Tort Claims Act ("FTCA") arising out of injuries sustained by David Bethel while undergoing surgery at the Veterans Administration Medical Center in Denver, Colorado, on September 10, 2003. The plaintiff initially brought a claim, among others, against Robin Slover, M.D., an anesthesiologist, for medical negligence. Dr. Slover subsequently was dismissed from the case upon a finding by the district judge that she was an independent contractor and not an employee of the United States at the time of the alleged negligence. Order on Pending Motions [Doc. # 95, filed 9/28/2006].
The plaintiff now seeks leave to amend her complaint[1] to add a claim against the *1127 United States for "Negligent Credentialing and Privileging," alleging:
The United States, through its employees and agents at the VA Hospital, all of whom were acting within the scope and course of their employment or within their authority as agents, were negligent in their care and treatment of Mr. Bethel including, but not limited to, the following:
a. Allowing Robin Slover, M.D. to maintain privileges allowing her to perform the surgical anesthesia on Mr. Bethel;
b. Failing to timely and appropriately investigate Robin Slover, M.D. upon learning of concerns regarding her competency and concerns regarding patient safety;
c. Failing to monitor, proctor, suspend and/or otherwise limit Robin Slover, M.D.'s performance of surgical anesthesia at the VA Hospital prior to September 10, 2003, the date of Plaintiff's surgery.
[Proposed] Amended Complaint for Damages and Jury Demand and Certificate of Review [Doc. # 136] (the "Proposed Amended Complaint") at ¶ 64.
The United States opposes the Motion to Amend as futile. Specifically, the United States argues that the plaintiff failed to include a claim for negligent credentialing and privileging in her administrative claim, as required by 28 U.S.C. § 2675(a).
The FTCA constitutes a limited waiver of the federal government's sovereign immunity from private suit. Trentadue v. United States, 397 F.3d 840, 852 (10th Cir.2005). Section 2675(a), 28 U.S.C., requires that claims for damages against the United States must first be presented to the appropriate federal agency by filing "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Trentadue, 397 F.3d at 852 (internal citations and quotation omitted). Because the FTCA constitutes a waiver of the government's sovereign immunity, the notice requirements established by the FTCA must be strictly construed and cannot be waived. Id.
The United States argues here that the written statement filed by the plaintiff "fails to mention the possibility of liability for proposed claims of negligent credentialing." Defendant United States' Response to Plaintiffs' Motion to Amend Complaint [Doc. # 146, filed 3/9/2007] (the "Response") at p. 6. Consequently, according to the United States, the administrative claim failed to describe the injury sufficiently to enable" the agency to begin its own investigation.
The plaintiff's administrative claim states:
This is a claim for medical malpractice arising from substandard medical care provided to David Bethel prior to his undergoing a scheduled surgical procedure on 09/10/03. On 09/10/03, David Bethel was scheduled to undergo a surgical procedure known as a fistulectomy at the V.A. Hospital in Denver, Colorado. Mr. Bethel was taken to the O.R. by Anesthesia with a surgical resident in attendance. Mr. Bethel was administered 2 mg. Of Versed at which time he became agitated and was having obvious trouble breathing. A decision was made by Anesthesia to induce Mr. Bethel and intubate him. Mr. Bethel was then given induction I.V. sedatives and paralyzed. The anesthesia resident was unable to visualize *1128 Mr. Bethel's vocal cords to place an endotracheal tube. The staff anesthesiologist was likewise unable to visualize the vocal cords and it was discovered that the endotracheal tube had been placed in the esophagus and was removed. A bollard laryngoscope was then placed, again without visualization of the vocal cords. At this point, Mr. Bethel's SAO2 did not measure on the monitor and the nurse holding Mr. Bethel's wrist was unable to get a pulse. External chest compressions were begun and Mr. Bethel was administered epinephrine bicarb. Chest compressions were continued while a staff anesthesiologist again attempted to place an endotracheal tube. Again, the attempted placement of the endotracheal was unsuccessful. After approximately ten minutes of chest compressions and two doses of epinephrine and atropine, Mr. Bethel's pulse and blood pressure returned. Anesthesia was still unable to place an endotracheal tube and asked for surgical assistance in establishing an airway. A surgeon then tried to place a guidewire through the trachea and out the mouth for placement of the endotracheal tube. This attempted surgical intervention was also unsuccessful. The senior ENT resident then entered the O.R. and assisted the surgeon in an emergency tracheotomy. During the failed attempts to place an endotracheal tube, Mr. Bethel suffered cardiac arrest and a significant hypoxic event lasting between 10 and 20 minutes. (See attached Operative Report, dated 9/10/03, and, Discharge Summary, dated 11/5/03)
Motion to Amend, Exh. 1 at Part 8.
In Trentadue, the Tenth Circuit Court of Appeals established the following test for determining whether a party has sufficiently described a claim to satisfy the requirements of 28 U.S.C. § 2675(a):
[T]he test under § 2675(a) [is] an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement. Several courts in this jurisdiction have similarly interpreted the provision to require notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable. [Citing Barnson v. United States, 531 F.Supp. 614 (D.Utah 1982) and Mellor v. United States, 484 F.Supp. 641 (D.Utah 1978).] We agree that the FTCA's notice requirements should not be interpreted inflexibly.
Trentadue, 397 F.3d at 852-53 (internal quotation omitted).
In Trentadue, the administrative claim alleged "`extreme acts of misconduct,' including the mutilation of [a prisoner's] body, the assertion that [the prisoner's] family caused his injuries, and the statement that [the prisoner] killed himself because he had AIDS," and stated that "these and other acts . . . were so extreme as to exceed all bounds of what is tolerated in a civilized community." Id. at 853. The circuit court affirmed the decision of the district court that this was sufficient factual notice to support a claim for intentional infliction of emotional distress. Id.
Importantly, the circuit court cited Barnson v. United States, 531 F.Supp. 614 (D.Utah 1982), and Mellor v. United States, 484 F.Supp. 641 (D.Utah 1978), as cases illustrating that notice of the facts and circumstances underlying a claim, rather than the exact grounds upon which *1129 the plaintiffs sought to hold the government liable, was sufficient under § 2675(a). In Barnson, the administrative claim asserted that the plaintiffs were injured as a result of "unventilated or poorly ventilated [uranium] mines" and the negligent failure to warn of those dangers together with the government's failure to "implement rules, regulations and standards governing uranium mining" which "would have protected [plaintiffs] from injury or death from excessive radiation exposure." The district court ruled that this claim gave the government sufficient notice to allow the plaintiffs to sue medical personnel for malpractice, stating:
[The Department of Energy] knew that the claim might involve non[Atomic Energy Commission] personnel, and they knew or should have known that their actions in relation to the uranium mine workers involved medical personnel, be they AEC's or [Public Health Service's] agents.
* * * * * *
The facts and legal theories of this case are very complex. This is not simply a case of failure to notify an agency of a separate negligent act occurring at a completely different time. Nor is this situation one in which the medical causes of action are obviously distinct and different from the other causes of action alleged, for which a proper claim was submitted. The claims here allege a wide pattern of negligence in notifying plaintiffs' decedents of the dangers to which they were subjected.
Barnson, 531 F.Supp. at 623-24 (emphasis added).
Similarly, in Mellor the administrative claim alleged that the plaintiff "was negligently placed on Kamamycin" and asserted that the plaintiff received "negligent care and treatment by medical and hospital personnel resulting in damage. . . ." 484 F.Supp. at 642. The district court found this claim sufficient to give the government notice of a claim for failure to obtain the plaintiff's informed consent, stating:
Plaintiff has put defendant on notice of the "incident" out of which this action arises, has informed defendant of the "facts and circumstances" underlying the claim and has presented a "claim" for a sum certain to the appropriate federal agency. This is all that is required by the applicable law.
* * * * * *
Here, this action is, and the administrative claim was, based upon a single incident; that is, the alleged injury and resulting damages stem from the same set of negligent acts and the same time period.
Id. at 642, 643 (emphasis added).
The courts in both Barnson and Mellor expressly distinguished the facts before them from those presented in Franz v. United States, 414 F.Supp. 57 (D.Ariz. 1976). In Franz, the administrative claim alleged that Air Force physicians negligently failed to diagnose the decedent's cancerous condition in 1969-70, when the decedent was on active duty. The plaintiff subsequently brought suit alleging medical negligence occurring between February 1, 1971, and July 27, 1972, after the decedent retired from the Air Force. The court found that the administrative claim did not give notice to support a claim of malpractice occurring in the 1971-72 time frame, holding:
While this action arises from the same loss to the plaintiff, viz., the decedent's death, two distinct sets of negligent acts occurring at two different time periods are alleged  pre-retirement failure to diagnose cancer in the years 1969 and 1970 and post-retirement failure to diagnose sometime between February 1, 1971, and the decedent's death on July 27, 1972. The applicable regulations *1130 with respect to administrative claims requires notification to the agency of the "incident" upon which the claim is based. Plaintiffs administrative claim made no mention of the post-retirement "incident".
Franz, 414 F.Supp. at 58.
This case more closely resembles the facts in Franz. The loss claimed here by the plaintiff  a brain injury to her husband during surgery  may find its cause in either or both the alleged negligent credentialing of Dr. Slover or the alleged negligence occurring in the operating room. These are two distinct incidents, however, occurring at different times. This is not a case like Mellor, where the alleged misconduct underlying the injury all occurred at the same time and in connection with a single course of care and treatment.
The distinction which I draw here, and which was drawn by the court in the Franz case, finds further support in Kikumura v. Osagie, 461 F.3d 1269 (10th Cir. 2006). There, Mr. Kikumura was a federal prisoner who became violently ill in his cell on July 5, 2002. He subsequently brought suit alleging physical injuries resulting from inadequate medical care in connection with that illness. In his administrative claim filed under the FTCA, Mr. Kikumura alleged, in relevant part, that the prison officials failed "to take necessary action, including to discipline involved persons who violated my constitutional rights according to the BOP policy or introduce new policy so that the same wrongdoing won't happen again." Id. at 1285-86. The plaintiff later asserted 14 claims in a civil complaint, including claims for failure to provide medical care promptly; inadequate medical care; negligent diagnosis; negligent misrepresentations made in the course of providing medical care; outrageous conduct; and "negligent failure to provide adequate training and supervision to [the] staff." Id. at 1278-79, 1302. The trial court found that Mr. Kikumura's administrative claim failed to mention inadequate training of staff and dismissed that claim from the suit for failure to exhaust administrative remedies. The circuit court agreed, stating:
Much like the administrative grievances submitted by Mr. Kikumura in connection with his Bivens claims, the administrative tort claims he filed with the BOP fail to mention the possibility that his injuries were caused by the inadequate training and supervision of ADX staff. For the same reasons that we found Mr. Kikumura failed to exhaust his Bivens claim against Supervisory Defendants, we also find that he failed to exhaust his "respondeat superior and/or supervisory liability" FTCA claim.
Id. at 1302. The circuit court previously had ruled that Mr. Kikumura failed to exhaust his Bivens claim because "the vague reference to `policy' [in the plaintiff's grievances] was insufficient to notify prison officials that the injuries might have been caused by inadequate training and disciplinary programs at the prison." Id. at 1286. The alleged failures to provide training and discipline necessarily involved a different incident, occurring at a time prior to the events July 5, 2002, when Mr. Kikumura became ill and when he claims he received negligent care. Notice of the events of July 5, 2002, in the Kikumura case did not reasonably encompass the training of the staff, just as the plaintiff's allegations here of malpractice in Mr. Bethel's operating room on September 10, 2003, did not reasonably encompass the alleged negligent credentialing and privileging claim which the plaintiff seeks to add by amendment.
The plaintiff has failed to exhaust her administrative remedies on the purported negligent credentialing and privileging *1131 claim, which she seeks to add by amendment. That claim, therefore, would be subject to dismissal if brought, and any amendment to add the claim is futile. Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir.1999).
I respectfully RECOMMEND that the Motion to Amend be DENIED.
FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir.1996).
NOTES
[1] Initially, the plaintiff also sought leave to amend the complaint to add a claim for "Spoliation." Proposed Amended Complaint at Fourth Claim for Relief. At the hearing on the Motion to Amend, the plaintiff withdrew her request to amend the complaint to add this claim. Accordingly, the Motion to Amend is DENIED AS MOOT insofar as it sought leave to add a claim for spoliation.